IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES E. GRANBERRY, | ) | |
| Register No. 20669, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4219-CV-C-SOW |
| | ) | |
| DENIS AGNIEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff seeks monetary, declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants are Denis Agniel, Dave Dormire and Jeremiah Nixon.

Plaintiff alleges he is illegally being held at the Missouri Department of Corrections (MDOC). Plaintiff challenges his extradition from Minnesota state prisons in 1997 to MDOC on a parole revocation warrant. Plaintiff alleges defendants failed to follow proper revocation procedures; thus, the 1997 order of revocation should be vacated and he should be discharged from prison. Plaintiff further alleges he has been unconstitutionally denied parole while at MDOC in that the parole board has applied, ex post facto, the new parole statutes in effect, instead of the Missouri parole statutes that were in effect at the time he was originally sentenced in 1974. Plaintiff alleges the ex post facto application of the 1994 Missouri Truth-in- Sentencing Act, Mo. Rev. Stat. § 558.019, has resulted in him being denied parole. Plaintiff further alleges the ex post facto application of new parole statutes has resulted in his being denied annual parole hearings and has made it harder for him to obtain parole because the parole board, pursuant to Mo. Rev. Stat. § 217.690 (1983), now consists of seven members instead of three, as previously prescribed in Mo. Rev. Stat. § 549.261, which was in effect when plaintiff was sentenced.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims challenging his revocation of parole and the Missouri Truth-in-Sentencing Act should be dismissed as duplicative because they are virtually identical to those presented in an earlier action filed by plaintiff in *Granberry v. Ploch*, No. 05-4218 (W.D. Mo. filed July 5, 2005).

"The court may consult its own records as an aid in determining whether the complaint is frivolous." *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir.), *cert. denied*, 423 U.S. 896 (1975). Where the court finds that an indigent plaintiff seeks to file in forma pauperis a complaint which presents claims that are similar, if not identical, to those which are alleged by him in another pending action, the duplicate case may be dismissed under section 1915. *Id.*, 518 F.2d at 367. The courts are not required to entertain redundant lawsuits, whether or not the plaintiff can pay the filing fee. *Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). Thus, while plaintiff may be entitled to proceed in forma pauperis to prosecute claims which are not otherwise "frivolous or malicious" under 28 U.S.C. § 1915, he is not entitled to expend unnecessarily the limited resources of the court and opposing parties by the initiation of duplicative actions. Therefore, plaintiff's claims challenging his revocation of parole and the application of the Missouri Truth-in-Sentencing Act should be dismissed, as frivolous, pursuant to 28 U.S.C. § 1915.

However, plaintiff is granted leave to proceed, pursuant to 28 U.S.C. § 1915, on his ex post facto claims challenging the procedures used for his parole proceedings. *See Wilkinson v. Dotson*, ___ U.S. ___, 125 S. Ct. 1242 (2005) (a 42 U.S.C. § 1983 claim is available for procedural challenges to parole proceedings). Although such allegations may not be sufficient to

2

withstand a motion to dismiss or for summary judgment, they are sufficient, when liberally construed, to allow plaintiff to proceed at this stage.

The Prison Litigation Reform Act of 1995 requires inmates to pay the filing fee when bringing a civil case or filing an appeal in forma pauperis. 28 U.S.C. § 1915 (as amended Apr. 26, 1996). The records available to the court indicate plaintiff is capable of making an initial payment of $84.45[1] toward the filing fee. Plaintiff should contact prison officials to have the initial payment processed. In the future, prison officials will withdraw funds from plaintiff's account and forward them to the court, until the filing fee is paid in full. If plaintiff fails to make the initial payment, his claims may be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

Pursuant to L.R. 7.1, suggestions in opposition to pending motions should be filed within twelve days after the motion is filed. Reply suggestions should be filed within twelve days after the suggestions in opposition are filed. In some circumstances, the court will give the parties additional time to file suggestions or reply suggestions. Unless an order is issued extending the time, responses and suggestions must be filed within the twelve days allotted by the Rule. Requests for an extension of time should be filed prior to the expiration of the twelve days allowed for a response. Responses and suggestions filed out-of-time, without prior leave of court, may not be considered when the court issues its ruling on the pending matter.

Plaintiff's motion for judgment on the pleadings should be denied, without prejudice, as premature. Defendants have yet to be served in this action. Once defendants have been served, plaintiff may refile such motion if he deems it appropriate.

---

[1] The initial payment is assessed at "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." The installment payments will be assessed at "20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915 (as amended Apr. 26, 1996). If plaintiff has not signed an authorization for release of inmate account funds, he will need to do so promptly.

To the extent plaintiff's July 5, 2005, motion seeks preliminary injunctive relief, such motion should be denied. Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994).

In the instant case, plaintiff's claims are recommended dismissed, in part, and plaintiff's remaining claims challenging parole hearing procedures, on which is he is being granted leave to proceed, pose no threat of irreparable harm to plaintiff such that a preliminary injunction is required or proper. Plaintiff's claims are such that they can be resolved with the normal processing of the case, and plaintiff's motion for a preliminary injunction should be denied.

4

On August 1, 2005, plaintiff filed an additional motion for preliminary injunctive relief, stating he is being harassed/retaliated against, citing recent loss of his job, issuance of a conduct violation, and mail tampering. Plaintiff's motion for preliminary injunctive relief requests that defendants grant him a "certificate of discharge." Plaintiff's motion should be denied. Plaintiff's request that he be granted a certificate of discharge from prison is a habeas issue and cannot be properly brought under plaintiff's section 1983 claims. If plaintiff wishes to amend his complaint to add his claims of retaliation contained in his motion for preliminary injunctive relief, he may petition the court to do so.

Plaintiff's motions for waiver of exhaustion requirement and waiver of process are denied, without prejudice, as premature.

IT IS, THEREFORE, ORDERED that plaintiff's motions for waiver of exhaustion requirement and waiver of process are denied, without prejudice, as premature [4, 10]. It is further

ORDERED that plaintiff is granted leave to proceed in forma pauperis, pursuant to the provisions of 28 U.S.C. § 1915, on his ex post facto claims challenging the procedures used for his parole proceedings. It is further

ORDERED that within thirty days, plaintiff make an initial payment of $84.45 toward the $250.00 filing fee. It is further

ORDERED that within thirty days, the Attorney General of Missouri notify the court, in writing, for which defendants he will and will not waive service of process. It is further

ORDERED that defendants answer or otherwise respond, pursuant to Fed. R. Civ. P. 4 and 12, within sixty days, if service of process is waived, or within twenty days after service of process, if service of process is not waived. It is further

ORDERED that defendants are granted leave to depose plaintiff at his place of incarceration. It is further

RECOMMENDED that plaintiff's claims challenging his revocation of parole and the application of the Missouri Truth-in-Sentencing Act to his parole eligibility be dismissed as duplicative/frivolous, pursuant to 28 U.S.C. § 1915. It is further

RECOMMENDED that plaintiff's motions for judgment on the pleadings and preliminary injunctive relief be denied [2, 8, 9].

5

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 18th day of August, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge