IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES E. GRANBERRY, )
Register No. 20669, )
  )
         Plaintiff, )
  )
    v. ) No. 05-4219-CV-C-SOW
  )
DENIS AGNIEL, et al., )
  )
         Defendants. )

## ORDER

On August 18, 2005, the United States Magistrate Judge recommended denying plaintiff's motions for preliminary injunction and for judgment on the pleadings, and that claims challenging revocation of parole and application of the Missouri Truth-in-Sentencing Act to his parole eligibility be dismissed as duplicative/frivolous, pursuant to 28 U.S.C. § 1915. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on September 8 and 12, 2005, as well as plaintiff's amended complaint and motions for default judgment, for temporary restraining order, and for summary judgment. The issues raised in plaintiff's filings were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

The court notes that plaintiff's amended complaint sets forth the same claims as those recommended dismissed by the report of Magistrate Judge, which this court adopts. To the extent plaintiff's supplement to his amended complaint makes new allegations of false conduct violations, such allegations fail to state a claim under 42 U.S.C. § 1983.

Plaintiff alleges he was denied due process when disciplined. To establish a due process violation, plaintiff must show a deprivation of a liberty or property interest protected by the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 710-12 (1976). The Due Process Clause

does not protect prisoners from every adverse change in their confinement. *Sandin v. Connor*, 515 U.S. 472, ___, 115 S. Ct. 2293, 2297 (1995). If the conditions and degree of confinement are within the sentence imposed and do not otherwise violate the Constitution, prisoners have no claim under the Due Process Clause. *Montayne v. Haymes,* 427 U.S. 236, 242 (1976). *See also Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (prisoners have no inherent right to remain in general population). Disciplinary action taken in response to a prisoner's misconduct "falls within the expected parameters of the sentence." *Sandin,* 115 S. Ct. at 2301.

To determine whether prisoners have a liberty interest under state law, the court looks at the nature of the deprivation. *Id.* at 2299-2300. Generally, state-created liberty interests are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 2300. Segregated confinement does not normally "present a dramatic departure from the basic conditions" of prison life. *Id.* at 2301.

In the instant case, plaintiff's claim that he lost several prison privileges for a short time fails to allege conditions of confinement which impose an atypical and significant hardship in relation to the ordinary incidents of prison life. Therefore, plaintiff has no claim under due process as to the conduct violation he received. Furthermore, to the extent plaintiff alleges the conduct violation further resulted in the loss of his prison job, such allegation also fails to state a claim under 42 U.S.C. § 1983. Prisoners do not have a constitutional right to be assigned to any particular job in prison. *Mitchell v. Kirk*, 20 F.3d 936, 938 (8th Cir. 1994); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987). Nor do prisoners have a right to receive wages while in prison. *Robinson v. Cavanaugh*, 20 F.3d 892, 894 (8th Cir. 1994).

Plaintiff's motion for summary judgment is denied as premature. Defendants have neither waived service of process nor been served with summons and complaint. Plaintiff may renew his motion at a later date if he deems it appropriate.

The court notes for the record that plaintiff has been granted leave to proceed against named defendants Denis Agniel, Dave Dormire, and Jeremiah W. Nixon on plaintiff's ex post facto claims challenging the procedures used for his parole hearings.

IT IS, THEREFORE, ORDERED that plaintiff's claims challenging revocation of parole and application of the Missouri Truth-in-Sentencing Act to his parole eligibility are dismissed as duplicative/frivolous, and claims challenging alleged false conduct violations are dismissed for failure to state a claim, pursuant to the provisions of 28 U.S.C. § 1915. It is further

ORDERED that plaintiff's motions for preliminary injunction, for judgment on the pleadings, and for default judgment are denied [2, 8, 9, 12, 16]. It is further

ORDERED that plaintiff's motion for summary judgment is denied, without prejudice, as premature [21].

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 1-23-06