# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

JAMES E. GRANBERRY, Register No. 20669,  )
                                                                                        )
                       Plaintiff,          )
                                                                                          )
                           v.                        )           No. 05-4219-CV-C-SOW
                                                                                           )
DENIS AGNIEL, et al.,                       )
                                                                                          )
                       Defendants.      )

## REPORT AND RECOMMENDATION

       Plaintiff James E. Granberry, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

       Before the court is defendants' April 3, 2006 motion for judgment on the pleadings. Plaintiff has filed a response, and defendants a reply.

       At this stage in the proceedings, the standard for a motion for judgment on the pleadings is the same as that for a motion to dismiss. The distinction between a motion to dismiss and a motion for judgment on the pleadings is merely a procedural issue;[1] thus, a Rule 12(c) motion for judgment on the pleadings is reviewed under the standard that governs Rule 12(b)(6) motions. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990) (citing St. Paul Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988)).

       "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the

---

[1] Technically, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) cannot be filed after an answer has been submitted.

light most favorable to the plaintiff.  Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

Pursuant to the recent Supreme Court decision in Wilkinson v. Dotson, 544 U.S. 74 (2005), plaintiff can bring his claims challenging the constitutionality of changes in Missouri state parole law under 42 U.S.C. § 1983, rather than via a writ of habeas corpus.  However, the fact that such claims can be validly brought under section 1983 does not determine the merit of plaintiff's claims.

Pursuant to Garner v. Jones, 529 U.S. 244, 246-47 (2000), a retroactive application of a change in state parole guidelines does not necessarily constitute an ex post facto application of a law.  To be an ex post facto application of a law, the law by its retroactive operation, must increase the punishment for a crime after its commission.  Id. at 249.  Retroactive changes in parole guideline laws in some instances can be a violation of the ex post facto precept.  Id. at 251.  Whether retroactive application of a particular change in parole law violates the prohibition on ex post facto legislation can be a question of particular difficulty when the discretion vested in a parole board is taken into account.  Id.  The standard for determining whether a parole statute or guideline violates ex post facto was set forth in the Supreme Court decision of California Dep't of Corrections v. Morales, 514 U.S. 499 (1995).  Id.  Morales held that whether a retroactive application of the change in state law was a violation of ex post facto is determined by whether the law creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes."  Id. (quoting California Dep't of Corrections v. Morales, 514 U.S. at 509).

In applying the standards set forth in Morales and Garner to the instant case, the court finds there is sufficient information available from which the court can determine that the change in Missouri parole law requiring the parole board to be composed of five members, rather than two, does not create a significant risk of increasing the measure of punishment attached to the covered crimes for which plaintiff was convicted.  The Supreme Court of Missouri has already made the determination in Cavallaro v. Groose, 908 S.W.2d 133 (1995), that the change in Missouri law, which requires there to be five parole board members instead of two, did not trigger the Ex Post Facto Clause because the new law did not increase the penalty by which a crime is punishable.  Cavallaro v. Groose, 908 S.W.2d at 136.  A change in the number of members on the parole board creates, at most, only a speculative and attenuated possibility of

2

producing the prohibited effect of increasing plaintiff's measure of punishment for his crimes. See Garner v. Jones, 529 U.S. at 251 (sum of factors specific to California law indicated only the most speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes).  Based upon the standard for determining an ex post facto law under Morales and the precedent of Missouri Supreme Court case Cavallaro, this court finds that the change in Missouri law as to the number of parole board members does not violate the ex post facto prohibition.  Plaintiff's allegation challenging the change in the Missouri law as to the number of parole board members fails to state a claim under the Ex Post Facto Clause, and defendants' motion for judgment on the pleadings should be granted on these claims.

In applying the same standards of Morales and Garner to plaintiff's claims that the change in Missouri state law as to frequency of his parole hearings violates ex post facto, the court finds that there is insufficient Missouri or federal case law precedent available to make a determination, at the motion for judgment on the pleadings stage, whether the change in Missouri state law as to frequency of plaintiff's parole hearings has a significant risk of increasing the measure of punishment to plaintiff.  The issue requires sufficient discovery to be conducted, such that the standard of California Dep't of Corrections v. Morales, 514 U.S. 499 (1995), can be applied.  See Garner v. Jones, 529 U.S. 244 (2000) (case remanded, holding that insufficient information was available to the court and that discovery must be permitted in order to allow a prisoner to make a requisite showing under the Morales analysis that the new parole rules, applied retroactively, create a significant risk of increasing the prisoner's punishment). Therefore, although plaintiff's claims may not ultimately succeed, see California Dep't of Corrections v. Morales, (finding sum of evidence under California law indicated that change in law as to the frequency in parole hearings did not violate the prohibition of ex post facto), the court finds that sufficient discovery must be allowed, pursuant to Garner v. Jones, 529 U.S. 244 (2000), before a determination can be made as to whether Missouri law changing frequency of parole hearings is a violation of the ex post facto prohibition.  Defendants' motion for judgment on the pleadings should be denied as to these claims.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for judgment on the pleadings be granted, in part, and denied, in part [33].  It is further

3

RECOMMENDED that defendants' motion for judgment on the pleadings be granted as to plaintiff's claims challenging the ex post facto application of Missouri law which directs the number of members of the parole board. It is further

RECOMMENDED that defendants' motion for judgment on the pleadings be denied as to plaintiff's claims challenging the alleged ex post facto application of Missouri law setting the frequency of parole hearings.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 10th day of July, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge