IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JAMES E. GRANBERRY, Register No. 20669, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4219-CV-C-SOW |
| | ) | |
| DENIS AGNIEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff James E. Granberry, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

### Factual and Procedural Background

On July 15, 1971, plaintiff was convicted of burglary in the second degree and illegal possession of barbiture drug and sentenced to two concurrent eight-year terms of imprisonment. On October 14, 1971, plaintiff was convicted of murder in the first degree and sentenced to death. On April 19, 1974, plaintiff was resentenced to life imprisonment on the first degree murder conviction.

The parole statute in effect at the time plaintiff committed his offenses was Mo. Rev. Stat. § 549.261. This statute required the Missouri Board of Probation and Parole (Board) to review case files and hold parole hearings yearly, and was interpreted as giving a prisoner an unconditional right to parole once it was determined that the prisoner was not a danger to himself or the community, the then statutory prerequisite to parole. Mo. Rev. Stat. § 549.261; Wheat v. Missouri Bd. of Prob. and Parole, 932 S.W.2d 835, 837 (Mo. App. 1996). In 1982 the Missouri Legislature repealed section 549.261 and enacted Mo. Rev. Stat. § 217.690. Section 217.690 provided that the Board still determine whether a prisoner can be released without detriment to

the community or himself; however, even if the condition is met, parole is not mandatory, and rather is a discretionary decision by the Board. Wheat, 932 S.W.2d at 837. Section 217.690 also eliminated annual case file review and replaced it with personal parole hearings every two years. Id.

Plaintiff was paroled on April 29, 1989. Approximately eight years later, on August 4, 1997, plaintiff's parole was revoked and he was returned to imprisonment on his original convictions.

Upon his return to imprisonment, it appears plaintiff was given parole consideration in 1997, 1999 and 2001. In 2001 plaintiff was considered for parole; however, his parole hearing in 2002 was cancelled. The Board determined that because plaintiff had received a new consecutive five-year sentence in 2002 for violence or injury to another by offender committed while incarcerated, he no longer qualified for parole consideration. The Board found that section 217.690 was applicable to plaintiff's newest sentence of imprisonment for violence, and thus, with his three qualifying commitments, he must serve the mandatory eighty percent minimum provided by statute on his five-year sentence. Because the five-year sentence was ordered to run consecutive to plaintiff's life sentence, the Board found that plaintiff was not eligible for parole.

Defendants have moved for summary judgment, citing plaintiff's failure to provide any evidence in support of his claims. Defendants argue that the Board is not retroactively applying the provisions of Mo. Rev. Stat. § 217.690 in determining the frequency of plaintiff's parole hearings; rather, defendants argue, that plaintiff is no longer eligible for parole because he received a five-year sentence to run consecutive to his life sentence. Defendants further argue that even assuming section 217.690 is being applied retroactively in determining plaintiff's frequency of parole consideration, such application is not a violation of the Ex Post Facto Clause. Defendants argue that section 217.690 does not alter the definition of plaintiff's crimes or affect the standards for determining parole eligibility. Defendants argue the application of section 217.690 to plaintiff would, at most, create speculative and attenuated risk of increasing the measure of punishment attached to plaintiff's crimes and, therefore, is not in violation of the Ex Post Facto Clause.

Plaintiff argues that when he committed his crimes in 1969, the parole statute in effect at the time was section 549.261, which provided for a liberty interest in parole, and annual parole

hearings.  Plaintiff argues he has a "forever vested right in parole," and entitlement to annual parole hearings under section 549.261.

The court notes that to the extent plaintiff's response to summary judgment addresses issues outside those remaining in this case, allegations of ex post facto application of Missouri law setting frequency of parole hearings, these issues are not properly before the court, and will not be addressed at this stage in the proceedings.

**Summary Judgment**

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact."  City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial.  Celotex, 477 U.S. at 323.  Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

**Discussion**

Article I, § 10, of the Constitution prohibits the states from passing any "ex post facto law."  The Ex Post Facto Clause is aimed at laws that retroactively alter the definition of crimes

3

or increase the punishment for criminal acts. California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995).

The Missouri legislation which repealed Mo. Rev. Stat. § 549.261 and enacted Mo. Rev. Stat. § 217.690 as a replacement did not change the definition of plaintiff's crimes. Thus, the question is whether section 217.690 has increased the punishment attached to plaintiff's crimes by changing his parole review from annually to every two years, and subsequently, to a denial of eligibility based upon conviction for a new crime. Plaintiff holds the ultimate burden of establishing that the change in frequency of his parole hearings has altered his measure of punishment, thereby violating the Ex Post Facto Clause.

Two critical elements must be present for a law to be ex post facto: (1) it must be applied to events occurring before its enactment; and (2) it must disadvantage the offender affected by it. Burnside v. White, 760 F.2d 217, 220 (8th Cir. 1985); Maggard v. Moore, 613 F. Supp. 150 (W.D. Mo. 1985). The Supreme Court in California Dep't of Corr. v. Morales, 514 U.S. 499 (1995), held that whether a retroactive change in state law is a violation of ex post facto is determined by whether the law creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes." A retroactive application of a change in state parole statutes or guidelines does not necessarily constitute an ex post facto application of the law. Garner v. Jones, 529 U.S. 244, 246-47 (2000). A retrospective parole law may be constitutionally applied to a convicted prisoner if does not detrimentally affect the measure of punishment the prisoner received. Burnside v. White, 760 F.2d 217, 220 (8th Cir. 1985). A speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment does not create an ex post facto problem. Id. at 251. See also Morales, 514 U.S. at 499 (change in law as to the frequency in parole hearings created only a speculative and attenuated effect of increasing measure of punishment and did not violate the prohibition of ex post facto); Tyler v. Delo, No. 4:95CV314-CDP (E.D. Mo. 1997); Delay v. Missouri Probation, 174 S.W.3d 662 (Mo. App. 2005) (measure of punishment not increased when parole denial is valid under either the old or new statute); Cavallaro v. Groose, 908 S.W.2d 133 (Mo. 1995) (denial of parole release based on seriousness of the offense valid under old or new parole statute; therefore, statute does not increase punishment beyond that allowed by the old law, and thus, does not violate ex post facto).

4

In Granberry's case, because plaintiff clearly did not receive parole hearings annually as provided by the old Missouri parole statute, the court will assume, as to the issue of frequency of parole hearings, that the new parole statute is being applied to plaintiff retroactively. There remain two issues: (1) whether Granberry's receiving parole hearings every two years, instead of annually, put him at risk for having his length of incarceration increased, and thus an ex post facto violation; and (2) whether the Board's determination in 2002 that plaintiff was no longer eligible for parole violated ex post facto.

*Frequency of Parole Hearings*

Plaintiff Granberry was initially incarcerated in 1971 under the old Missouri parole statute, section 549.261, and was granted parole in 1989, subsequent to the repeal of section 549.261. Granberry's parole was revoked in 1997 and he was reincarcerated, but was given consideration for a second parole in 1997, 1999 and 2001. Section 549.261, which had been repealed 15 years prior to plaintiff's incarceration for parole revocation, had provided for annual parole consideration. Upon Granberry's reincarceration on the parole revocation, he was not considered for annual parole consideration, but rather appears to have been given consideration the first year after reincarceration and every two years thereafter. Granberry's parole hearings have all resulted in denial of parole.

Granberry has not offered, nor has this court found evidence indicating that a change in the frequency of Granberry's parole hearings would have changed the Board's decisions to deny him parole. Granberry has no evidence indicating that had he been given a parole hearing on an annual basis, the Board would likely have granted him a second parole. At most, Granberry's claims imply that if he would have been granted annual hearings, he would have numerically had more opportunity for parole consideration. This implication, although factually correct, does not show any actual detrimental effect in the length of Granberry's imprisonment as a result of decreased frequency of parole hearings. Plaintiff was returned to incarceration as a parole violator on a life sentence for a first-degree murder conviction; thus, the evidence does not support plaintiff's claims that he would have likely been paroled for a second time, within a few years of his reincarceration if he would have been granted annual review. Even if the new parole statute was applied retrospectively to plaintiff, there is no evidence that he was disadvantaged. Therefore, because Granberry can show no detrimental effect, he is not entitled to a parole

5

hearing every year, even though that was the practice at the time he committed his offenses. Wheat v. Missouri Bd. of Prob. and Parole, 932 S.W.2d at 839. Legislative adjustments to parole procedures do not violate the Ex Post Facto Clause when they only have a speculative or attenuated risk of affecting the length of a prisoner's imprisonment. Id. See also California Dep't of Corr. v. Morales, 514 U.S. at 508-14. Granberry's claims are based upon only speculation as to why he was denied parole, and provide for nothing other than an attenuated risk that the change in frequency of his parole hearings from annually to every two years affected the length of his confinement.

*Parole Board's Determination in 2002 that Granberry No Longer Eligible for Parole*

Plaintiff's challenge to application of the new parole statute section 217.690 to his new conviction has no merit. Plaintiff's new conviction clearly occurred after the enactment of the new Missouri parole statute, section 217.690, and thus, there is no retroactive application issue. Application of section 217.690 to his new offense, which results in plaintiff no longer being eligible for parole on crimes that occurred prior to the enactment of section 217.690, does not violate ex post facto because plaintiff's sentence under the original conviction is unchanged but he is no longer entitled to parole because of the new offense, which occurred after the parole statute was modified. Davison v. Missouri Dep't of Corr., 141 S.W.3d 506, 512-13 (Mo. App. W.D. 2004). Section 217.690, which provides for previous commitments to be considered in determining parole eligibility on new offense, does not violate the Ex Post Facto Clause. Id. Plaintiff's cite to unspecified Missouri case law for the proposition that his previous commitments from 1971 have been improperly considered under section 217.690 for purposes of determining parole eligibility is unfounded. Missouri case law does not provide that commitments occurring 25 years prior cannot be considered.

**Conclusion**

There is no dispute of material facts that Granberry was not disadvantaged by a decrease in the frequency of his parole hearings, and that based on his new conviction and sentence, he is no longer eligible for parole. Therefore, defendants' motion for summary judgment on these claims should be granted.

Based on the foregoing, it is

6

ORDERED that plaintiff's motion for order setting trial is denied, without prejudice. [66]  It is further

RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims be dismissed.  [56]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 13th day of February, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

7